**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 15-16388-JKO |
| HIGH RIDGE MANAGEMENT CORP., *et al.*,[1] | Chapter 11 (Jointly Administered) |
| Debtors. _____/ | |
| HOLLYWOOD PROPERTY INVESTMENTS, LLC, a Florida limited liability company, | Adv. Pro. No. |
| Plaintiff/Counterdefendant, | |
| v. | |
| LEONORE KALLEN, HIGH RIDGE MANAGEMENT CORP., a Florida Corporation; HERLEE MANAGEMENT CO., INC., a Florida Corporation, HOLLYWOOD PAVILION, LLC, a Florida limited liability company; HOLLYWOOD HILLS REHABILITATION CENTER, LLC, a Florida limited liability company; KAREN KALLEN-ZURY, TAMIR ZURY, and KAREN-KALLEN-ZURY TRUST UNDER LEONORE KALLEN 2007 DYNASTY TRUST, | |
| Defendants/Counterplaintiffs, | |
| v. | |
| STABILIS FUND II, LLC, | |
| Additional Counterdefendant. _____/ | |

**NOTICE OF REMOVAL**

---

[1] The following cases are jointly administered pursuant to this Court's *Order Jointly Administering Chapter 11 Cases* [ECF No. 10], *In re High Ridge Management, Corp.*, Case No. 15-16388-JKO, *In re Hollywood Hills Rehabilitation Center, LLC*, Case No. 15-16389-JKO, and *In re Hollywood Pavilion, LLC*, Case No. 15-16390-JKO.

1

Defendants High Ridge Management Corp. ("High Ridge"), Hollywood Hills Rehabilitation Center, LLC ("HHRC"), and Hollywood Pavilion, LLC ("Pavilion") (collectively, the "Debtors"), hereby give notice that the action styled *Hollywood Property Investments, LLC v. Leonore Kallen, et al.,* Case No. 13-026516 (12), in the 17th Judicial Circuit in and for Broward County, Florida, including all counterclaims (the "State Court Action"), has been removed to the United States Bankruptcy Court for the Southern District of Florida.

### GROUNDS FOR REMOVAL AND STATEMENT REGARDING CORE PROCEEDING

The State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 157(a), 1334(b), 1452, Fed. R. Bankr. P. 9027 and the Order of Reference (the "Order of Reference") entered by the U.S. District Court for the Southern District of Florida on March 21, 2012.

Pursuant to 28 U.S.C. § 1334(a), the district courts shall have original and exclusive jurisdiction of all cases under title 11. Pursuant to 28 U.S.C. § 1334(b), the district courts have jurisdiction of all civil proceeding arising under title 11, or arising in or related to cases under title 11. Pursuant to the Order of Reference, all cases arising under Title 11 of the United States Code, and proceedings arising in or related to cases under Title 11 of the United States Code, including notices of removal pursuant to 28 U.S.C. § 1452(a), have been referred to the Bankruptcy Judges for this District. *See* Rule 87.2, Local Rules of the United States District Court for the Southern District of Florida.

This Notice of Removal is timely as it is within 90 days after the order for relief. *See* Fed. R. Bankr. P. 9027(a)(2).

The proceeding is a core matter which this Court is authorized to hear and enter judgment. *See* 28 U.S.C. § 157(a), (b)(2)(A), (B), (C), (K), (N) and (O) for the following reasons:

**Brief Statement Of Facts**

1. On December 5, 2013, Stabilis Fund II, LLC ("Stabilis") commenced the State Court Action against Debtors and the other defendants seeking to liquidate the debt owed to it by the defendants, as well as to foreclose the interests of the defendants in real and personal property that allegedly serve as collateral pursuant to various promissory notes, security agreements and other documents executed by defendants between October 1996 and December 2010 (collectively, the "Loan Documents").

2. In April 2014, Stabilis assigned some or all of the Loan Documents to Hollywood Property Investments, LLC ("HPI").

3. The Debtors and other defendants contested the existence of a default, calculation of indebtedness as well as the extent of HPI's lien under the Loan Documents and raised various affirmative defenses to HPI's allegations.

4. In addition, HHRC and Pavilion filed counterclaims against Stabilis and HPI in the State Court Action.

5. On April 8, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

6. HPI asserts that the indebtedness owed by defendants exceeds $14.6 million, and that such debt is secured by all of the Debtors' assets. The Debtors and other defendants dispute the validity, priority, and extent of HPI's alleged lien and indebtedness. The allowance or disallowance of claims against the Debtors' estates, as well as the determination of the validity, extent, or priority of liens are "core" proceedings. 28 U.S.C. § 157(b)(2)(B), (K).

7. Further, the Court has approved sale and bidding procedures to govern an auction sale of substantially all of the assets of High Ridge and HHRC. The Court has exclusive

jurisdiction over "all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1). The sale of the referenced Debtors' assets is also a "core" proceeding and involves the administration of the estate. *See* 28 U.S.C. § 157(b)(2)(A), (N), (O). The Court will necessarily need to first determine the amount of debt and the extent of HPI's lien on the assets sold. Thereafter, the Court can make a determination of the amount HPI should receive as a distribution from the sale proceeds. Pursuant to 11 U.S.C. § 506(a)(1), "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

8. The issues of the co-obligor and guarantor liability can be determined by this Court in conjunction with the determination of the validity, priority, and extent of HPI's lien and debt. Continuation of the State Court Action would lead to duplicative litigation, unnecessarily require the incursion of administrative expenses by the Debtors' estates, as well as potential exposure of the Debtors' estates to additional claims by HPI to attorneys' fees and costs, and significantly, the possibility of inconsistent results.

**CONSENT TO ENTRY OF FINAL ORDERS AND
JUDGMENT BY BANKRUPTCY JUDGE**

The Debtors consent to the entry of final orders and judgment by the Bankruptcy Judge.

**COPIES OF PROCESS AND PLEADINGS**

The Plaintiffs have attached copies of process and pleadings from the State Court Action as **Exhibit 1**.

Accordingly, the Debtors have satisfied all of the removal prerequisites of 28 U.S.C. § 1452.

| | |
|---|---|
| Dated: May 27, 2015 | **MARKOWITZ RINGEL TRUSTY & HARTOG, P.A**. |
| | *Counsel for Debtors* |
| | 101 NE Third Avenue, Suite 1210 |
| | Fort Lauderdale, FL 33301 |
| | Tel: (954) 767-0030 // Fax: (954) 767-0035 |
| | |
| | -and- |
| | |
| | 9130 So. Dadeland Boulevard, Suite 1800 |
| | Miami, FL 33156 |
| | Tel: (305) 670-5000 // Fax: (305) 670-5011 |
| | |
| | By: /s/ *Grace E. Robson* |
| |     Jerry M. Markowitz, Esq. |
| |     Fla. Bar No. 182420 |
| |     jmarkowitz@mrthlaw.com |
| |     Grace E. Robson, Esq. |
| |     Fla. Bar No. 178063 |
| |     grobson@mrthlaw.com |
| |     Timothy R. Bow, Esq. |
| |     Fla. Bar No. 104710 |
| |     tbow@mrthlaw.com |

566505.2